Sylvia ALEXANDER, Plaintiff–Appellant,

v.

Dianne SANDLER, Principal, P.S. 200, Ann Marie Iannizzi, Sp. Asst. to Supt., Chief Administrator Lawrence E. Becker, Medical Bureau, NYC Board

of Education, New York City Board of Education, New York City Board of Education, 65 Court Street, Brooklyn 11201, Defendants–Appellees.

No. 05-0545-CV.

United States Court of Appeals, Second Circuit.

May 26, 2006.

Sylvia Alexander, pro se, Laurelton, NY, for Plaintiff-Appellant.

Deborah A. Brenner, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief), New York, NY, for Defendants-Appellees.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges, Hon. DAVID G. TRAGER,[1] District Judge.

### SUMMARY ORDER

Plaintiff Sylvia Alexander ("Alexander") appeals from a judgment entered on November 29, 2004, in the United States District Court for the Eastern District of New York (Freidman, J., sitting by special designation), denying her motion to vacate the parties' settlement agreement and granting defendants' motion to enforce the settlement agreement. Alexander claims that (while employed as a teacher by the New York City Board of Education ("Board")) she was denied reasonable ac-commodations, subjected to unequal terms and conditions, harassed, forced to retire, and retaliated against by the Board by defendants based on her status as a disabled African American woman, in violation of Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. On August 4, 2004, the parties placed on the record in open court the terms of settlement. [A 33–36.] Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

We review both the grant or denial of a Rule 60(b) motion for relief from a final judgment and the denial of a motion to vacate or enforce a settlement agreement for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998) (60(b) motion); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir.1986) (settlement agreement).

The district court did not abuse its discretion in denying Alexander's motion to vacate the settlement agreement and in granting defendant's motion to enforce the settlement agreement. On the record in open court, the parties reached agreement on all the material terms of the settlement. *See* N.Y. C.P.L.R. § 2104; *Dolgin v. Dolgin*, 31 N.Y.2d 1, 3, 334 N.Y.S.2d 833, 286 N.E.2d 228, 229 (N.Y.1972) (citing N.Y. C.P.L.R. § 2104); *Monaghan v. SZS 33 Assocs.*, 73 F.3d 1276, 1283 n. 3 (2d Cir. 1996) ("[T]he federal rule regarding oral stipulations does not differ significantly from the New York rule."). And there was no finding of fraud, duress, illegality, or mutual mistake. *See Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir.1989), abrograted on other grounds by *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842

---

1. The Honorable David G. Trager, United States District Court for the Eastern District of New York, sitting by designation.

(1994). Finally, the oral stipulation of the parties in open court constitutes a "stipulation of dismissal" under Rule 41(a)(1)(ii), Fed.R.Civ.P. *See Role v. Eureka Lodge No. 434,* 402 F.3d 314, 318 (2d Cir.2005) (per curiam) (holding that "a voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed, as contemplated by [Rule 41(a) ].").

We have considered all of appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**